# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0209, <u>David Goolgasian v. Shannon Tripp & a.</u>, the court on January 22, 2019, issued the following order:**

The defendants' "Motion of Notice to Vacate" and "Motion to Inform the Court of a New Violation" contain information that was not submitted to the trial court in connection with the order on appeal and, accordingly, is not part of the record before us. <u>See</u> <u>Sup. Ct. R.</u> 13(1).

Having considered the briefs and the record properly submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Shannon Tripp and History Repeats (tenant), appeal an order of the Circuit Court (<u>Carroll</u>, Referee, approved by <u>Garner</u>, J.) dismissing their counterclaims against the plaintiff, David Goolgasian (landlord), in a possessory action. <u>See</u> RSA 540:2 (Supp. 2018). We construe the tenant's brief to argue that the trial court committed plain error by not finding that: (1) a prior eviction proceeding, in which the tenant paid the past due rent, was "the catalyst for the financial hardship that led to the second eviction"; (2) the tenant's financial hardship was the result of the landlord's actions; (3) the landlord breached the tenant's right to quiet enjoyment of the commercial space she leased and behaved unethically and unfairly; (4) the landlord was liable for negligent infliction of emotional distress (NIED); (5) the trial court had jurisdiction to consider an NIED claim; (6) sometime previously, the tenant and the landlord had a "constructive agreement" that the tenant could withhold a portion of her rent, which she subsequently paid to avoid the prior eviction; (7) the eviction was "retaliatory and punitive"; (8) the landlord breached the lease; (9) the collateral source rule made the tenant's insurance recovery immaterial; and (10) the tenant was entitled to daily and enhanced damages under the Consumer Protection Act. The tenant further argues that the trial court committed plain error by: (1) "belie[ving] that the initial eviction had been revoked"; (2) denying her effort to supplement the record after the hearing ended; (3) misunderstanding the facts and an exhibit; (4) not allowing her to cross-examine the landlord's property manager regarding an issue that had been resolved; and (5) not transforming her action into a small claim <u>sua</u> <u>sponte</u>.

The tenant requests us to consider her arguments under the plain error doctrine. <u>See</u> <u>Sup. Ct. R.</u> 16-A. However, she provides no plain error analysis. <u>See</u> <u>Aranosian Oil Co. v. State of N.H.</u>, 168 N.H. 322, 331 (2015) (describing plain error review). Any issues raised in an appellant's brief, but not fully developed,

are deemed waived.  <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).  Self-represented parties are bound by the same procedural rules that govern parties represented by counsel.  <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006).

As the appealing party, the tenant has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, the tenant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the tenant has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**
